Mr. Justice Livingston
 

 delivered the opinion of the Court.
 

 This is a libel for an alleged forfeiture under the 46th section of the Collection Law, passed the second of March, 1799.
 

 This section, exempts from duty the wearing apparel, and other, personal baggage, of those persons who arrive in the United States; and to ascertain what articles are to be exempted, it is directed that due entry thereof, asof other goods, but separate, and distinct therefrom, shall be made with the Collector, by the owner or his agent, verified by oath, stating, among other things, that the packages mentioned in such entry, contain no goods whatever, except the wearing apparel and other personal baggage of the person to whom they belong. And it is provided, that whenever any articles subject to duty, shall be found among such baggage, which shall not be mentioned to the Collector at the time such entry is made, they shall be forfeited, and the person in
 
 *189
 
 whose baggage they shall be found, shall, moreover, forfeit and pay treble the value of such articles.
 

 These proceedings commenced in the District Court of the district of South Carolina, and after sentences of condemnation in that Court, and in the Circuit Court of the United States for that district, the claimant has appealed to this Court.
 

 The only question we have to decide, is, whether the goods libelled, and which are admitted to be subject to duty, were entered as baggage or not. If they were, they must be condemned ; if not, the claimant is entitled to restitution.
 

 The claimant insists that the trunks seized were not included in her baggage entry, and that no act of her’s, prior or subsequent to the entry, shows that it was her. intention to cover them by it. Her baggage entry comprised “ seven trunks wearing apparel, sundry band-boxes and bedding, for Mrs. Savage and family, passengers in the ship Robert Edwards.” Under this entry, and a permit given in conformity with it, the claimant took away several trunks and band boxes, the contents of some of which do not appear, but she alleges that they contained only baggage, and no dutiable article, and that she never demanded the trunks in question as part of those mentioned in the entry of her baggage. Some reliance is also placed on the fact, that before any seizure, these trunks were regularly entered by the master, and the duties on them secured, or paid. Whether they were thus entered or not, can have no influence on the present question, which is confined to the single inquiry, whether they had pre
 
 *190
 
 vious to such act on the part of the master, been entered by the owner as part of her baggage. For, no act of the master, subsequent to such entry, could relieve them, "from the forfeiture which in that case had preyiously attached.
 

 It will be sufficient , to advert to a few of the pjomident facts, to ascertain the real character of this transaction.' The Court has been reminded that it 'ought not, without the most x satisfactory and positive proof, in a case so highly penal, to decide that, a violátion of law has been committed. Although such proof ,may generally be desirable, we are not to shut óur-eyes on circumstances which sometimes carry with them a conviction which the most; positive testimony will sometimes fail to produce. And if ,s,uch circumstances cannot well consist with the innocence of the party, and arise out of her. own conduct, apd remain unexplained, she cannot complain if she be the victim of them. No extraordinary prudence or circiimsuection on the part of the claimant, vvas necessary to have avoided the unpleasant, predicament in which she is placed. If she had brought these goods on. board in London, as cargo; if she had paid .freight for them as such ; if she had desired them to be,placed on the manifest of the cargo, which she was- most, probably apprised was necessary; if, when she entered herMother merchandise imported- in the same vessel, she had also entered these: if, after making her baggage entry, she had distinguished or . informed the-inspector which of the trunks contained her. baggage, and which were filled with merchandise, the whole
 
 *191
 
 of the present difficulty would have been avoided. The claimant, neglecting to take any one of these precautions, which could not have been the effect of ignorance, as it appears she is occasionally engaged in the importation of goods in the line of her business, leads, irresistibly, to the conclusion, that she intended to. land tírese trunks without the’payment of duties, pud that this end was to be effected under the disguise of entering them as baggage and wearing apparel. Although a mere intention to evade such payment be no cause, of forfeiture, yet when a question arises, Whether an act has been committed which draws after it this consequence,'such intention will.assist in dispelling some of the doubts ip which.the,,act itself might otherwise be involved, and will justify , a .Court in not putting on the conduct of the partyj in relation to the act ip question, an interpretation asikynurable. as under other circumstances it would feel disposed to do. Thus, in the case before us, the claimant wishes us to believe, that the seven trunks of wearing apparel, and the band-boxes which were included, in her baggage entry, were all bf them actually, landed under her permit; and that, therefore, the five,, trunks which remained on board, and. were, seised as composing part of her baggage entry, were not comprised in it. But is this made out with any reasonable certainty ? On the contrary, is there any evidence whatever on which we can come to a satisfactory conclusion, that seven trunks, which was the dumber entered by her as baggage, were actually landed before the seizure. What the
 
 *192
 
 claimant herself considered as band-boxes, and ac-tua^J represented as such to the inspector, she now desires may be converted into trunks. Unless this can be done,, which would be to disbelieve the whole evidence in the cause, there is no pretence for saying, that all the trunks entered .by her as baggage had been landed. The marks on the trunks do not furnish even a presumption in her favour, for on those landed, and on those seised, we find the same inscription, that is, <£ Mrs. Savage’s baggage, apparel, and haberdashery.” In this uncertainty and confusion, which is the result of her own irregular conduct, and which it was her business, and not that of the. Court, to remove, she has exposed her case to very unfavourable inferences. One of the trunks landed was empty, or contained only a few books and loose papers; and yet it appears, by a cocket produced before the Circuit Court, that this -very trunk, when taken board, was valued in London at 115 pounds sterling. What became of the goods which it then contained, is left without explanation. This forms a part of the
 
 res
 
 gesta, and is a circumstance, if not of strong suspicion, at any rate but little calculated to evince the integrity of the transaction.
 

 Without, therefore, entering into a more minute detail of the circumstances of this case, the Court is well satisfied, from the whole of the evidence, notwithstanding some little, obscurity in which it is involved, that the trunks in question formed a part of the baggage entry of the claimant, and, therefore, affirm the sentence of the Circuit Court, with costs.